NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50191 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00722-PA-1 |
| v. | |
| CHRISTOPHER CLAY ROMAN-TUTTLE, AKA Sarahsong, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Christopher Clay Roman-Tuttle appeals from the district court's judgment

and challenges the 300-month sentence and three conditions of supervised release

imposed following his guilty-plea conviction for advertising child pornography in

violation of 18 U.S.C. § 2251(d) and (e).  We have jurisdiction under 28 U.S.C.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We affirm in part, and vacate and remand in part.

Tuttle contends that the 300-month sentence is substantively unreasonable because it creates an unwarranted sentencing disparity and fails to account for the allegedly flawed child pornography Guideline and his mitigating circumstances. The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense and the need to protect the public.  *See Gall*, 552 U.S. at 51.  Whatever the merits of Tuttle's criticism of the child pornography Guideline—a criticism that Tuttle did not raise to the district court— the district court did not impose a sentence within the range dictated by that Guideline.  Moreover, the record reflects that the court considered Tuttle's mitigating arguments, as well as his sentencing disparity arguments, and was not persuaded that they warranted a lower sentence.

Tuttle also challenges the residency restriction imposed in special condition 16.  The district court did not plainly err in imposing this condition.  *See United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012) (if counsel does not object to a supervised release condition in the district court, this court reviews the condition for plain error).  The residency restriction is reasonably related to the goals of deterrence, rehabilitation, and public protection, and does not involve a

19-50191

greater deprivation of liberty than is reasonably necessary in Tuttle's case. *See* 18 U.S.C. § 3583(d). Moreover, Tuttle has not provided support for his assertion that he will be unable to find compliant housing upon his release. *See Wolf Child*, 699 F.3d at 1095 (to prevail on plain error review, appellant must show the alleged error affected his substantial rights).

Finally, Tuttle challenges two conditions of supervised release on the ground that they are unconstitutionally vague. As the government concedes, this court has previously determined that standard condition 14 is unconstitutionally vague. *See United States v. Magdirila*, 962 F.3d 1152, 1158 (9th Cir. 2020). The government further concedes that, in this case, special condition 13 is impermissibly vague as to which "victims" the district court intended to include in the condition.[1] *See United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018). Accordingly, we vacate standard condition 14 and special condition 13, and remand for the district court to strike or modify the conditions. *See Magdirila*, 962 F.3d at 1159.

**AFFIRMED in part; VACATED and REMANDED in part.**

---

[1] The parties appear to dispute whether the victim or victims need to be identified by name to remedy the condition. We do not reach this issue. *See United States v. Ped*, 943 F.3d 427, 434 (9th Cir. 2019) (the district court is better suited to craft appropriate supervised release conditions on remand).

19-50191